NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3189

GABRIEL COSME,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Elaine Rodriquez-Frank, of San Juan, Puerto Rico, for petitioner.

Jane W. Vanneman, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3189

GABRIEL COSME,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in NY0752090012-I-1.

_____

DECIDED: March 8, 2010

_____

Before NEWMAN, CLEVENGER, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Gabriel Cosme appeals a final decision of the Merit Systems Protection Board ("Board") affirming his removal from the Department of Veterans Affairs ("VA") Police Service.  <u>Cosme v. Dep't of Veterans Affairs</u>, No. NY-0752-09-0012-I-1 (M.S.P.B. Apr. 10, 2009) ("<u>Decision</u>").  Because the Board's opinion was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we <u>affirm</u>.

Cosme was a Police Service lieutenant at the VA Medical Center in San Juan, Puerto Rico.  "Mr. P" (whose identity remains private) was a forty-eight-year-old, homeless veteran who regularly visited the Medical Center, seeking food or requesting

medical services. Id. at 3-4. On June 28, 2008, Mr. P entered the Medical Center, where employees directed him to the pharmacy for a prescription, and then to a basement bathroom reserved for employees. Id. at 4. One of these employees asked Cosme to investigate. Cosme and another security officer, Eddie Sanchez, located Mr. P in the bathroom shower and asked him to leave the Medical Center. Mr. P then defecated in the shower and passively resisted Cosme's instructions by dressing slowly. Eventually, Cosme grabbed Mr. P's arm and collar, tearing his shirt, and told him (in Spanish) to "get the hell out of here." Mr. P complained of chest pains and asked to visit the Emergency Room, but Cosme refused and escorted him from the building, instructing another security guard to deny him further entry. Mr. P threatened to return with gasoline and light himself (and possibly others) on fire. The next day, Mr. P returned, was admitted to the Medical Center, and remained hospitalized for a few weeks.

After Sanchez reported Cosme's actions to a supervisor, the VA investigated and removed Cosme for five charges of misconduct. Charges I-III alleged mistreatment of Mr. P, while Charges IV-V faulted Cosme for failing to report the incident. On appeal, the Board merged Charge III ("conduct unbecoming an agency police officer") with Charge I ("disrespectful behavior toward a patient of the agency") and sustained those charges and Charge II ("failure to observe precaution for a patient's safety"). Id. at 8-10. The Board overturned Charges IV-V because Cosme had no duty to report encounters that did not result in arrests. Id. at 10-11. However, the Board affirmed the penalty of removal. Cosme timely appealed the sustained charges and penalty, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

We affirm a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). To take an adverse action against an employee, an agency must (1) "establish by preponderant evidence that the charged conduct occurred," (2) "show a nexus between that conduct and the efficiency of the service," and (3) "demonstrate that the penalty imposed was reasonable in light of the relevant factors set forth in Douglas v. Veterans Admin., 5 M.S.P.R. 280, 307-08 (1981)." Malloy v. U.S. Postal Serv., 578 F.3d 1351, 1356 (Fed. Cir. 2009).

Here, the Board properly sustained Charges I-III. The record shows that the VA holds Police Service officers to high professional standards. Its Standard Operating Procedures require officers to "treat every citizen . . . with courtesy and respect . . . without regard also for [the] other person's behavior towards me." "Force will be used as a short range, last resort," and officers must take "the view toward de-escalation." VA regulations also afford patients "a right to be treated with dignity in a humane environment." 38 C.F.R. § 17.33(a).

Substantial evidence supports the Board's ruling that Cosme violated these standards. At the Board hearing, Sanchez testified that Cosme "rushed" Mr. P, and was "shocked" that Cosme would "jump a person like that for no reason." Sanchez also stated that Cosme unsnapped his firearm holster and grabbed and shook Mr. P, while there was no evidence of danger to the officers. Cosme admitted that he told Mr. P to "get the hell out of there," and that "my choice of words at that moment were not the most appropriate." The Board also heard testimony that Mr. P requested medical

attention, and that Cosme refused those requests because he believed that Mr. P was faking a condition. Thus, there was substantial evidence that Cosme disrespected Mr. P and disregarded his safety.

Cosme's allegations of error by the Board are unconvincing. He claims that, by finding that Cosme should not have disregarded Mr. P's request for medical care, the Board mistakenly held him to the standard of a nurse. However, the Board noted only that Cosme was not a medical professional and "made a decision that was not his to make." Decision at 9. Cosme then challenges the administrative judge's impartiality because the judge sent the parties a pre-hearing notice that included a copy of Taylor v. Department of Veterans Affairs, 98 M.S.P.R. 337 (2005). In Taylor, the full Board reversed a judge's initial decision to mitigate a removal penalty to a suspension. Cosme fails to explain how citing Taylor demonstrates bias—especially given that the judge in this case overturned two charges and recognized that the VA considered improper evidence when it assessed its penalty. Cosme also failed to raise this issue to the Board. See 5 C.F.R. § 1201.42(b) (requiring "a motion asking the judge to withdraw on the basis of personal bias" be filed "as soon as the party has reason to believe there is a basis for disqualification"). Cosme's other factual contentions—such as his claim that Mr. P had a criminal record at the VA—lack evidentiary support.

As to the penalty, the Board also properly analyzed the relevant evidence. Although it did not list all of the Douglas factors individually, the Board noted (in Cosme's favor) that the VA should not have considered Cosme's disciplinary record because it was not cited in the proposed removal notice. Decision at 12. The Board balanced this error with Cosme's twelve-year service record, his letters of support, his

lack of remorse at the hearing, and the maxim that "[l]aw enforcement officers are held to a higher standard of conduct with regard to the seriousness of their offenses." Id. at 12-13; see also Watson v. Dep't of Justice, 64 F.3d 1524, 1530 (Fed. Cir. 1995). We therefore conclude that the Board addressed the relevant factors supporting and opposing the penalty and reasonably concluded that removal was appropriate.

For the foregoing reasons, the Board's decision is affirmed.

COSTS

No costs.